PER CURIAM:
Claimant brought this action for vehicle damage which occurred when he drove his 1990 Chrysler New Yorker into an area which was under repair while he was traveling on County Route 25 in Ohio County. County Route 25 is a road maintained by respondent. The Court is of the opinion to malte an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred sometime in the afternoon on March 3,2005, a clear and dry day. County Route 25 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on County Route 25 when he saw the hole. Fie stated that there was work being done along the road to repair damages that had occurred as a result of a flood during September 2004. Mr. Phillips testified that there was no one working at the site when his vehicle approached the area. He saw a cut in the pavement that was approximately four feet wide and four feet long that had been filled with slag when the workers left the area for the day. Mr. Phillips could not avoid this hole because of oncoming traffic. His vehicle struck the hole and damaged the right and left front struts. Claimant’s vehicle sustained damage totaling $362.48. Claimant’s insurance deductible was $50.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 25 at the site of the claimant’s accident for the date in question.
Milton Davis, County Administrator for the respondent in Ohio County, testified that there had been a flood in September of 2004 that caused damage to the shoulders, embankments, and guardrails along County Route 25. Mr. Davis stated that a contractor was lured to complete the repairs. He testified that there may have been an inspector for respondent at the site of claimant’s accident. Respondent maintains that it had no actual or constructive notice of defective condition at the repair site.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. *51 of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the condition at the repair site on County Route 25 presented a hazard to the traveling public. The Court is aware that it is common practice for respondent to have an inspector on site for construction projects that are completed by contractors and that these inspectors ensure that the roads are safe for the traveling public both during and after the hours that the contractor is working on the roads. The size of the depression across the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with .the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $50.00.
Award of $50.00.